DAVID L. ANDERSON (CSBN 149604)
Acting United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TIMOTHY P. CRUDO (CSBN 143835)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Telecopy: (415) 436-7234
    timothy.crudo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES W. McCALL and JAY M. LAPINE,<br><br>    Defendants. | No. CR-00-0505-WHA<br><br>[~~PROPOSED~~] STIPULATED ORDER RE: SPEEDY TRIAL ACT |

    WHEREAS, a second superseding indictment was unsealed in this matter on June 4, 2003;

    WHEREAS, the Honorable Martin J. Jenkins previously held that this matter was so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial within the time limits set by the Speedy Trial Act, 18 U.S.C. § 3161, and that the ends of justice served by a continuance outweighed the bests interest of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8);

    WHEREAS, trial in this matter began on September 11, 2006;

///

1   WHEREAS, on November 3, 2006 the jury returned a verdict of not guilty as to the
2   defendants on Count 1 and the Court declared a mistrial as to Counts 2, 4, 5, 6, 7, and 8 of the
3   indictment and discharged the jury;
4   WHEREAS on November 8, 2006 the parties filed a Stipulation and [Proposed] Order
5   Setting Briefing Schedule for Defendants McCall's and Lapine's Renewed Motions for
6   Judgments of Acquittal Pursuant to Rule 29 in which the parties requested that, to accommodate
7   the professional schedules of counsel for the defendants, the defendants' Motions for Judgments
8   of Acquittal would be due on or before December 22, 2006;
9   WHEREAS on November 14, 2006 the Court entered an order granting the November 8,
10  2006 stipulation;
11  WHEREAS on December 15, 2006 the parties filed a Stipulation and [Proposed] Order
12  Modifying Briefing Schedule for Defendants McCall's and Lapine's Post-Trial Motions in which
13  the parties requested that, to accommodate the professional schedules of counsel for the
14  defendants, the defendants' Motions for Judgments of Acquittal would be due on or before
15  February 2, 2007;
16  WHEREAS on December 21, 2006 the Court entered an order granting the December 15,
17  2006 stipulation;
18  WHEREAS each defendant stipulates that he suffered no prejudice by the failure to
19  exclude time pursuant to the Speedy Trial Act between November 3, 2006 and February 2, 2007;
20  WHEREAS, on February 2, 2007 the defendants filed written motions for judgment of
21  acquittal on Counts 2, 4, 5, 6, 7, and 8, based on grounds of double jeopardy and collateral
22  estoppel, which motion was denied by order dated November 6, 2007;
23  WHEREAS, the defendants respectively filed timely notices of appeal from the
24  November 6, 2007 order on November 8, 2007 (Mr. Lapine) and November 14, 2007 (Mr.
25  McCall);
26  WHEREAS, on or about October 31, 2008 the Ninth Circuit Court of Appeals issued an
27  unpublished decision affirming the Court's November 6, 2007 order;
28  / / /

[PROPOSED] STIPULATED ORDER RE: SPEEDY TRIAL ACT
Case No. CR-00-0505 WHA                    -2-

1  WHEREAS, on or about November 24, 2008, the Ninth Circuit issued its mandate with
2  respect to the appeal by Mr. McCall;
3  WHEREAS, on or about January 15, 2009, the Ninth Circuit issued its mandate with
4  respect to the appeal by Mr. Lapine;
5  WHEREAS, lead counsel for Mr. McCall is scheduled for trial in another matter
6  beginning March 2009;
7  WHEREAS, lead counsel for Mr. Lapine is scheduled for trial in another matter
8  beginning June 2009;
9  WHEREAS, the parties appeared for a status conference in this matter on January 20,
10  2009, at which time the Court set a trial date of October 26, 2009;
11  WHEREAS, the failure to grant a continuance of the trial date in this matter until October
12  26, 2009 would, given the complexity of this matter, taken as a whole, unreasonably deny the
13  parties continuity of counsel and would deny the parties the reasonable time necessary for
14  effective preparation, taking into account the exercise of due diligence; and,
15  WHEREAS, the ends of justice served by continuing the trial date until October 26, 2009
16  outweigh the best interest of the public and the defendants in a speedy trial;
17  THEREFORE, it is hereby stipulated by and between the parties, through their respective
18  counsel of record, that, pursuant to the Speedy Trial Act, time is excluded from January 20, 2009
19  until and including October 26, 2009. *See* 18 U.S.C. §§ 3161(e), (h)(8).
20  IT IS SO STIPULATED.

22  DATED: February 10, 2009          David Anderson,
                                      Acting United States Attorney

24                                         _____/S/_____
                                           Timothy P. Crudo
25                                         Assistant United States Attorney

[PROPOSED] STIPULATED ORDER RE: SPEEDY TRIAL ACT
Case No. CR-00-0505 WHA                    -3-

| | | |
|---|---|---|
| 1 | DATED: February 10, 2009 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 2 | | |
| 3 | | /S/ |
| 4 | | Theodore V. Wells |
| 5 | DATED: February 10, 2009 | HOGAN & HARTSON LLP |
| 6 | | |
| 7 | | /S/ |
| | | Michael J. Shepard |
| 8 | | Attorneys for Defendant |
| 9 | | CHARLES W. MCCALL |
| 10 | DATED: February 10, 2009 | KASOWITZ BENSON TORRES & FRIEDMAN LLP |
| 11 | | |
| 12 | | /S/ |
| | | Marcus S. Topel |
| 13 | | |
| 14 | | Attorneys for Defendant Jay M. Lapine |

The Court finds that the failure to grant a continuance of the trial date in this matter until October 26, 2009 would, given the complexity of this matter, taken as a whole, unreasonably deny the parties continuity of counsel and would deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by continuing the trial date until October 26, 2009 outweigh the best interest of the public and the defendants in a speedy trial. Therefore, pursuant to the Speedy Trial Act, time is excluded from January 20, 2009 until and including October 26, 2009. *See* 18 U.S.C. §§ 3161(e), (h)(8).

**IT IS SO ORDERED**.

Dated: March 11, 2009

/s/ William Alsup
Hon. William H. Alsup
United States District Judge

[PROPOSED] STIPULATED ORDER RE: SPEEDY TRIAL ACT
Case No. CR-00-0505 WHA

-4-