1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    UNITED STATES OF AMERICA,

10              Plaintiff,                           No. CR 00-0505WHA

11        v.

12   CHARLES W. McCALL and
     JAY M. LAPINE,

13

14              Defendants.
     _____/

15

16

17

18                    **FINAL CHARGE TO THE JURY**

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1                      1.

2          Members of the jury, now that you have heard all the evidence and arguments by

3   counsel, it is my duty to instruct you on the law that applies to this case.  A copy of these

4   instructions will be available in the jury room for you to consult as necessary.

5          It is your duty to find the facts from all the evidence in the case.  To those facts you

6   will apply the law as I give it to you.  You must follow the law as I give it to you whether you

7   agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions,

8   prejudices or sympathy.  That means that you must decide the case solely on the evidence

9   before you.  You will recall that you took an oath promising to do so at the beginning of the

10   case.  In following my instructions, you must follow all of them and not single out some and

11   ignore others; they are all equally important.  You must not read into these instructions or into

12   anything the Court may have said or done as suggesting what verdict you should return — that

13   is a matter entirely up to you.

14          I will now discuss general rules for your deliberations.

15                      2.

16          The charges against defendants are set forth in the indictment.  The indictment itself is

17   not evidence and it will not be in the jury room during your deliberations.  I will tell you in

18   these instructions what the counts are against defendants.

19          A separate crime is charged against defendants in each count.  You must decide the

20   case of each defendant on each count separately.  Your verdict on one count should not control

21   your verdict on any other count.  Defendants have pleaded not guilty to the charges against

22   them.  Defendants are presumed to be innocent and do not have to testify or present any

23   evidence to prove innocence and you may not draw any adverse inference from the fact that

24   defendants did not testify.  Thus, defendants began the trial with a "clean slate" — with no

25   evidence against them.  The government has the burden of proving every element of the

26   offenses here beyond a reasonable doubt.  Anytime I say in these instructions that the

27   government has the burden of proof, it means proof beyond a reasonable doubt.

28

United States District Court

For the Northern District of California

3.

Let me explain what "proof beyond a reasonable doubt" means.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty.  It is not enough for the government to prove that it is "more likely than not" that a defendant is guilty. It is not required, however, that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty as charged, it is your duty to find that defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty as charged, it is your duty to find that defendant guilty.

4.

The evidence from which you are to decide what the facts are consists of:

  1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness; and

  2. The exhibits which have been received into evidence.

5.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

  1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ

from the way the lawyers have stated them, your memory
of them controls.

2.  A suggestion in a question by counsel or the Court is not
evidence unless it is adopted by the answer.  A question
by itself is not evidence.  Consider it only to the extent it
is adopted by the answer.  In this connection, as I have
told you, even when counsel appeared to be reading from
an FBI interview summary or other document not in
evidence, any such material read out loud by counsel is
not evidence.  Only what the witness said under oath in
response to counsel's questions is evidence.

3.  Objections by lawyers are not evidence.  Lawyers have a
duty to their clients to consider objecting when they
believe a question is improper under the federal rules of
evidence.  You should not be influenced by any question,
objection or the Court's ruling on it.

4.  Testimony or exhibits that have been excluded or
stricken, or that you have been instructed to disregard, are
not evidence and must not be considered.  In addition,
some testimony and exhibits have been received only for
a limited purpose; where I have given a limiting
instruction, you must follow it.  To help you remember
which exhibits were received into evidence with a
limiting instruction, we have written the phrase "With
Limitation" on the exhibit tag for each exhibit so
received.

**United States District Court**
For the Northern District of California

1        5.      Anything you may have seen or heard when the Court

2              was not in session is not evidence.  You are to decide the

3              case solely on the evidence received during the trial.

4              6.

5    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

6    as testimony by a witness about what that witness personally saw or heard or did.

7    Circumstantial evidence is proof of one or more facts from which you could find another fact.

8    By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

9    find from that fact that it rained during the night.  However, other evidence, such as a

10   turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before

11   you decide that a fact has been proven by circumstantial evidence, you must consider all the

12   evidence in the light of reason, experience and common sense.

13   In this case, if the circumstantial evidence permits two reasonable interpretations, one

14   of which points to a defendant's guilt and the other to his innocence, you must adopt that

15   interpretation that points to that defendant's innocence and reject that interpretation that points

16   to his guilt.  If, on the other hand, one interpretation of this evidence appears to you to be

17   reasonable and the other interpretation to be unreasonable, you must accept the reasonable

18   interpretation and reject the unreasonable.

19   You should consider both direct and circumstantial evidence.  The law permits you to

20   give equal weight to both, but it is for you to decide how much weight to give to any evidence.

21             7.

22   Certain charts and summaries have been shown to you in order to help explain the facts

23   disclosed by the books, records and other documents which are in evidence in the case.  They

24   are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or

25   figures shown by the evidence in the case, you should disregard these charts and summaries

26   and determine the facts from the underlying evidence.

27

28

Other charts and summaries, however, have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

8.

During trial you heard audio recordings that were received in evidence. The transcripts of these recordings were also shown to you, but they were not received in evidence, as I explained to you at the time. The audio recording itself is the evidence, not the transcripts. If you heard something on the recording different from what appeared in the subtitles, what you heard is controlling.

9.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The ability of the witness to remember the events testified to;

3.   The witness' manner while testifying;

4.   The witness' interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness' testimony;

6.   The reasonableness of the testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   evidence.  You should consider all of the evidence, according each item of evidence such

2   weight as you think it deserves.

3                                            10.

4        A witness may be discredited or impeached by contradictory evidence or by evidence

5   that, at some other time, the witness has said or done something or has failed to say or do

6   something that is inconsistent with the witness' present testimony.  If you believe any witness

7   has been impeached and thus discredited, you may give the testimony of that witness such

8   credibility, if any, you think it deserves.

9                                            11.

10       Discrepancies in a witness' testimony or between a witness' testimony and that of other

11  witnesses do not necessarily mean that such witness should be discredited.  Inability to recall is

12  common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a

13  transaction sometimes will see or hear it differently.  Whether a discrepancy pertains to an

14  important matter or only to something trivial should be considered by you.

15       However, a witness willfully false in one part of his or her testimony is to be distrusted

16  in others.  You may reject the entire testimony of a witness who willfully has testified falsely

17  on a material point unless, from all the evidence, you believe that the probability of truth

18  favors his or her testimony in other particulars.  It is always, however, up to you to decide how

19  much weight to give any testimony by any witness.

20                                           12.

21       You have heard testimony from witnesses who pleaded guilty to crimes arising out of

22  the same events for which defendants are on trial.  Their guilty pleas are not evidence against

23  defendants, and you may consider the pleas only in determining these witnesses' believability.

24       You have heard testimony from witnesses who entered into cooperation agreements

25  with the government.  This means that they agreed to cooperate with the government and to

26  testify on the government's behalf in exchange for a benefit from the government in the form

27  of a recommendation for a reduced sentence in connection with this case.

28

**United States District Court**
For the Northern District of California

1    For these reasons, in evaluating the testimony of these witnesses, you should consider

2    the extent to which or whether the witnesses' testimony may have been influenced by any of

3    these factors.  In addition, you should examine their testimony with greater caution than that of

4    other witnesses.

5                                              13.

6    You have heard testimony from persons who, because of education or experience, are

7    permitted to state opinions and the reasons for their opinions.  Opinion testimony should be

8    judged just like any other testimony.  You may accept it or reject it, and give it as much weight

9    as you think it deserves, considering the witness' education and experience, the reasons given

10   for the opinion, and all other evidence in the case.

11                                             14.

12   You are here to determine whether each defendant is guilty or not guilty of the crimes

13   charged in this case.  Your determination must be made only from the evidence received at the

14   trial.  Defendants are *not* on trial for any conduct or offense *not* charged in this case.  You

15   should consider evidence about the acts, statements, and intentions of others, or evidence about

16   other acts of either defendant, *only* as they relate to the charges in the indictment.

17                                             15.

18   It is important for you to understand that a defendant in a criminal case has a

19   constitutional right not to testify.  No presumption of guilt may be raised, and no inference of

20   any kind may be drawn, from the fact that a defendant in this case did not testify.

21   You have heard testimony that each defendant made statements.  It is for you to decide

22   (1) whether a defendant made the statement, and (2) if so, how much weight to give to it.  In

23   making those decisions, you should consider all of the evidence about the statement, including

24   the circumstances under which a defendant may have made it.

25                                             16.

26   A separate crime is charged against defendants in each count.  As I noted before, you

27   must decide each count separately.  Your verdict on one count should not control your verdict

28   on any other count.

17.

You are free to deliberate over the counts in any order you think most effective.  You may possibly determine that certain counts ought to be considered in light of each other and consider them out of strict numerical sequence.  To repeat, you are not required to address them in strict numerical sequence, so long as you decide all of the counts eventually.

18.

It is true that the events and actions alleged in the indictment occurred some time ago. The prosecution of this case is not barred by any statute of limitations.  As I told you at the beginning of this trial, there was a prior trial in this case, and it ended in a mistrial.  The mistrial was not the fault of the government.  It was not the fault of defendants.  It was not the fault of the judge.  Do not be concerned with this.  It is your duty to decide the case without regard to the outcome of the prior trial.

You have heard evidence that, after the merger, McKessonHBOC conducted an internal investigation using an outside law firm and an outside accounting firm.  Although certain aspects of certain interviews conducted in that investigation are in evidence, the findings and conclusions of that internal investigation have not been offered in evidence and would not be admissible.  You should not speculate as to what were the findings and conclusions of the internal investigation.  Instead, you must decide the case for yourselves based on the evidence before you in this trial.

19.

This case involves alleged violations of the federal securities laws.  These laws were enacted in order to protect investors and to maintain the integrity of our national stock markets. The central focus of the federal securities laws is to provide investors and the marketplace with reliable information to make investment decisions.  Publicly-traded companies may sell their securities to the general public, but are required to file reports making disclosures to the investing public of certain financial information under the federal securities laws.

You have heard evidence referring to reports to the SEC including Forms 10-K, Forms 10-Q, Forms 8-K and Forms S-4.  These are reports that publicly-traded companies such as

1    HBOC and McKessonHBOC were required by law to file with the SEC.  A Form 10-K is an

2    annual report that provides a comprehensive overview of a company's business and financial

3    condition and includes audited financial statements.  A Form 10-Q is a company's quarterly

4    report that provides a continuing view of the company's financial position during the year.  A

5    Form 8-K is a "current report" that a public company must file whenever a major event occurs

6    that shareholders should know about.   Companies are required to file Forms 10-K, 10-Q and

7    8-K by Section 13 of the Securities Exchange Act of 1934, as codified at Section 78m of Title

8    15 of the United States Code, and by related rules and regulations enacted by the SEC.

9         A Form S-4 is a report pertaining to mergers.  Under Section 77a of Title 15 of the

10   United States Code, a company must file a Form S-4 with the SEC in relation to a business

11   combination or exchange offer such as a combination, merger or acquisition.  It must include,

12   among other details, a detailed description of the proposed transaction's terms,  as well as

13   information about the entities involved in the transaction.

14                                    20.

15        The SEC has statutory authority to establish financial accounting and reporting

16   standards for publicly-held companies under the Securities Exchange Act of 1934.  SEC rules

17   require that publicly-held companies prepare their financial statements for external purposes in

18   accordance with Generally Accepted Accounting Principles, sometimes abbreviated as GAAP.

19   What are "Generally Accepted Accounting Principles"?  These are standardized accounting

20   rules used to prepare, present, and report financial statements that all public companies must

21   follow.  GAAP is designed to ensure that similar transactions at all U.S. public companies are

22   accounted for in a similar way, to allow investors to make apples-to-apples comparisons and to

23   provide reliable information to the investing public.

24                                    21.

25        I will now instruct you on specific counts or offenses on which defendants stand

26   accused in this case.  In explaining the law to you I will use the present tense but all of the laws

27   in question applied equally back at the times in question.  The indictment charges six counts,

28   namely four counts of securities fraud, one count of falsifying the books and records of a

**United States District Court**
For the Northern District of California

1   public company, and one count of circumventing the internal controls of a public company.

2   All counts are charged against Charles W. McCall.  Only Counts 1, 5 and 6 are charged against

3   Jay M. Lapine.  Counts 2, 3 and 4 are not charged against Jay M. Lapine.  Again, the

4   accusations in the indictment are not proof of guilt.  It is the government's burden to prove

5   each element of the crime alleged beyond a reasonable doubt with actual evidence received

6   here at this trial.

7                                          22.

8          First, I will discuss the securities fraud counts.

9          Count One charges both defendants with securities fraud from December 1997 to April

10  27, 1999, in violation of 15 U.S.C. 78j(b); 17 C.F.R. 240.10b-5, and 18 U.S.C. 2.

11         Count Two charges defendant McCall with securities fraud in connection with the

12  Form 10-Q filed with the SEC for the period ended June 30, 1998, in violation of 15 U.S.C.

13  78j(b).

14         Count Three charges defendant McCall with securities fraud in connection with the

15  Form 10-Q filed with the SEC for the period ended September 30, 1998, in violation of 15

16  U.S.C. 78j(b).

17         Count Four charges defendant McCall with securities fraud in connection with the

18  registration statement filed on or about November 13, 1998, and the documents incorporated

19  by reference therein, in violation of 15 U.S.C. 77q(a), and 18 U.S.C. 2.

20                                         23.

21         Section 78j(b) of Title 15 of the United States Code states:

22               It shall be unlawful for any person, directly or indirectly, by the use of any

23               means or instrumentality of interstate commerce or of the mails, or of any

24               facility of any national securities exchange —

25               . . .

26               (b)  To use or employ, in connection with the purchase or sale of any security

27               registered on a national securities exchange or any security not so registered . . .

28               any manipulative or deceptive device or contrivance in contravention of such

United States District Court

For the Northern District of California

rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

In this connection, the Securities and Exchange Commission has issued a regulation called Rule 10b-5, which provides that it shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Section 77q(a) of Title 15 of the United States Code states:

It shall be unlawful for any person in the offer or sale of any securities. . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly

(1)    to employ any device, scheme, or artifice to defraud, or

(2)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or,

(3)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

24.

Although I have read to you the language of several statutes set forth in the counts, the statutes are similar and boil down to the following.  In order for a defendant to be found guilty

11

**United States District Court**
For the Northern District of California

1   on any of these four securities fraud charges, the government must prove each of the following

2   four elements beyond a reasonable doubt:

3       *First*, that said defendant used a device or scheme to defraud someone, made or caused

4   someone to make an untrue statement of material fact, or failed to disclose a material fact

5   which resulted in making the statements made misleading;

6       *Second*, that said defendant's acts or omissions were in connection with the purchase or

7   sale of HBOC or McKessonHBOC securities;

8       *Third*, that said defendant used the means or instrumentalities of interstate commerce,

9   including the telephone, wires, or mails or the facilities of a national securities exchange in

10  connection with these acts or omissions or with this failure to disclose.  It is not necessary that

11  the untrue statement itself passed through the mail or over the telephone so long as the mail or

12  telephone was used as a part of the purchase or sale transaction.

13      *Fourth*, that said defendant acted willfully, knowingly, and with the intent to defraud

14  buyers or sellers of securities.  To defraud someone in connection with the purchase or sale of

15  a security means to make a statement or representation which is untrue and known to defendant

16  to be untrue, or to fail to state something known to said defendant to be necessary to make

17  other statements not misleading, and which relates to something material to the purchase or

18  sale.

19      An act is done willfully if done voluntarily and intentionally with the purpose of

20  undertaking an act that one knows to be wrongful.

21      An act is done knowingly if a defendant is aware of the act and does not act or fail to

22  act through ignorance, mistake or accident.  The government is not required to prove that said

23  defendant knew that his acts or omissions were unlawful.  You may consider evidence of said

24  defendant's words, acts or omissions along with all the other evidence in deciding whether said

25  defendant acted knowingly.

26      You may find that a defendant acted with a purpose to defraud as to a statement or

27  failure to disclose if you find beyond a reasonable doubt that said defendant acted with

28  knowledge that the statement or failure to disclose was false or misleading, or with a reckless

1   disregard for the truth or falsity of that statement or failure to disclose.  Reckless disregard

2   occurs when a statement is knowingly made without regard to its truth or falsity.

3      It is not necessary to prove that a defendant made a profit or that anyone actually

4   suffered a loss.

5                                           25.

6      Now I will turn to the charge of falsifying books, records and accounts of a public

7   company.  Both defendants are charged in Count Five with falsifying books, records and

8   accounts of a public company, in violation of 15 U.S.C. 78m(b)(2)(A) and 78m(b)(5) and

9   Section 240.13b2-1 of Title 17 of the Code of Federal Regulations.

10      Paragraph 2(A) of Section 78m(b) of Title 15 of the United States Code states:

11         "Every issuer which has a class of securities registered pursuant

12         to [the Securities Exchange Act] and every issuer which is

13         required to file reports pursuant to [the Securities Exchange Act]

14         shall—

15            (A) make and keep books, records, and accounts,

16            which, in reasonable detail, accurately and fairly

17            reflect the transactions and dispositions of the

18            assets of the issuer."

19      That section further provides in relevant part:

20         No person shall knowingly circumvent . . . a system of internal

21         accounting controls or knowingly falsify any book, record, or

22         account described in paragraph (2).

23      In order for a defendant to be found guilty of the charge of falsifying books, records

24   and accounts of a public company, the government must prove each of the following elements

25   beyond a reasonable doubt:

26      *First*, that HBOC and McKessonHBOC were required to make and keep books, records

27   and accounts which in reasonable detail accurately and fairly reflect the transactions and

28   dispositions of the assets of HBOC and McKessonHBOC;

                                          13

**United States District Court**

For the Northern District of California

1    *Second*, that said defendant knew that HBOC and McKessonHBOC were required to

2    keep such books, records and accounts;

3    *Third*, that said defendant falsified or caused to be falsified any such book, record or

4    account;

5    *Fourth*, that said defendant acted knowingly and willfully.

6    The government must prove beyond a reasonable doubt that said defendant acted with

7    knowledge that the relevant books, records and accounts contained a false or misleading

8    statement.

9    For this count, the government is not required to prove materiality.  In other words, the

10    government does not need to prove that the relevant books, records or accounts were false or

11    misleading to a material degree.

12                                                    26.

13    Now, I will turn to the charge of circumventing internal accounting controls.  Both

14    defendants are charged in Count Six with circumventing internal accounting controls in

15    violation of 15 U.S.C. 78m(b)(2)(B) and 78m(b)(5).

16    Section 78m(b)(2)(B) of Title 15 of the United States Code states that every issuer

17    which has a class of securities registered pursuant to the Securities Exchange Act and every

18    issuer which is required to file reports pursuant to the Securities Exchange Act shall devise and

19    maintain a system of internal accounting controls sufficient to provide reasonable assurances

20    that —

21            (i)  transactions are executed in accordance with management's general or specific

22            authorization;

23            (ii)  transactions are recorded as necessary (I) to permit preparation of financial

24            statements in conformity with Generally Accepted Accounting Principles or any other

25            criteria applicable to such statements, and (II) to maintain accountability for assets;

26            (iii)  access to assets is permitted only in accordance with management's general or

27            specific authorization; and

28

                                                    14

United States District Court

For the Northern District of California

(iv)  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

As I stated before in regards to Count Five, Section 78m(b)(5) of Title 15 of the United States Code states in relevant part that no person shall knowingly circumvent a system of internal accounting controls or knowingly falsify any book, record, or account described in Section 78m(b)(2).

What are "internal accounting controls"?  Internal accounting controls are the system of books and procedures of a company to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with Generally Accepted Accounting Principles.

In order for a defendant to be found guilty of circumventing internal accounting controls the government must prove each of the following elements beyond a reasonable doubt:

*First*, that HBOC and McKessonHBOC were required to devise and maintain a system of internal accounting controls to provide reasonable assurances the transactions of HBOC and McKessonHBOC were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.  All agree in this case that HBOC and McKessonHBOC, as public companies were subject to this requirement.

*Second*, that said defendant knew that HBOC and McKessonHBOC were required to maintain such a system of internal accounting controls;

*Third*, that said defendant circumvented or caused others to circumvent that system of internal accounting controls; and

*Fourth*, that said defendant acted knowingly and willfully.

The government must prove beyond a reasonable doubt that said defendant acted with knowledge that the system of internal accounting controls had been circumvented.

Again, the government is not required to prove that the circumvention of internal accounting controls was material.  In other words, the government does not need to prove that the system of internal accounting controls was circumvented to a material degree.

15

**United States District Court**
For the Northern District of California

The government must prove more than a breach of internal accounting controls.  It must prove beyond a reasonable doubt that defendant knowingly caused or aided and abetted an intentional breach of the internal accounting controls.  If the government proves that any defendant knowingly caused or aided and abetted others in an intentional breach of the internal accounting controls, the government is not required to prove that said defendant knew or anticipated the full extent to which the breach was or would be abused.

27.

Now, I turn to a form of criminal liability called "aiding and abetting," which is defined in 18 U.S.C. 2.  A defendant may be found guilty of securities fraud, false SEC filings, falsifying the books, records and accounts of a public company, and circumventing the internal accounting controls of a public company, even if said defendant personally did not commit the act or acts constituting the crime but aided and abetted someone else in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, that a crime of securities fraud, false SEC filings, falsifying the books, records and accounts of a public company, or circumventing the internal accounting controls of a public company was committed by someone;

*Second*, that said defendant knowingly and intentionally aided, counseled, commanded, induced, or procured a person or persons to commit each element of that crime of securities fraud, false SEC filings, falsifying the books, records and accounts of a public company, or circumventing the internal accounting controls of a public company;

*Third*, that said defendant acted before the crime was completed.

It is not enough that said defendant merely associated with a person or persons committing the crime, or unknowingly or unintentionally did things that were helpful to that person or persons, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that said defendant acted with the knowledge and intention of helping that person or persons commit the crime of securities

16

1  fraud, false SEC filings, falsifying the books, records and accounts of a public company, or

2  circumventing the internal accounting controls of a public company.

3      The government is not required to prove precisely if said defendant actually committed

4  the crime or if defendant aided and abetted, so long as the government proves all elements of

5  one or the other.

6                                           28.

7      For most counts, the government must prove materiality.  For other counts, materiality

8  is not an element of the offense.  Now, what does "material" mean?  A fact stated or omitted is

9  material if a reasonable investor would normally, given all of the other information provided,

10 find the information important in deciding whether to buy or sell a security.

11     With respect to any count requiring materiality, if the government has proven that any

12 defendant knew of any false financial reporting, then the government need not prove that said

13 defendant was aware of the full or exact scope of such fraudulent reporting so long as the

14 government proves said defendant or defendants were aware that the extent of the fraudulent

15 account was liable to be material in scope and that, in fact, it was material in scope.

16                                          29.

17     The good faith of a defendant constitutes a complete defense to any charge against him

18 as to which you find that said defendant acted in good faith.  A person who acts with an honest

19 intention does not possess fraudulent intent.  A person who expresses a belief or opinion

20 honestly held does not have fraudulent intent even if his opinion is erroneous and his belief is a

21 mistaken belief.  Finding that a defendant merely made a mistake of judgment or an error in

22 management or was careless is therefore not sufficient to establish fraudulent intent.  The

23 burden of proving criminal intent rests on the prosecution.  A defendant is under no burden to

24 prove good faith.

25                                          30.

26     The punishment provided by law for the alleged crimes is for the Court to decide, if a

27 guilty verdict is returned.  You may not consider punishment in deciding whether the

28 government has proven its case against either defendant beyond a reasonable doubt.

**United States District Court**
For the Northern District of California

1    Punishment is an entirely separate matter not relevant here and on which you should not

2    speculate or base your decision in any way.

3                                              31.

4          When you begin your deliberations, you should elect one member of the jury as your

5    foreperson.  That person will preside over the deliberations and speak for you here in court.

6          You will then discuss the case with your fellow jurors to reach agreement if you can do

7    so.  Your verdict as to each count, if any, must be unanimous.  Each of you must decide the

8    case for yourself, but you should do so only after you have considered all of the evidence,

9    discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10         Do not be afraid to change your opinion if the discussion persuades you that you

11   should.  Do not come to a decision simply because other jurors think it is right.  It is important

12   that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after

13   having made your own conscientious decision.  Do not change an honest belief about the

14   weight and effect of the evidence simply to reach a verdict.

15         I will give you a special verdict form to guide your deliberations.  However, you may

16   deliberate over the counts in any order you wish and you do not need to address the questions

17   in the precise order listed.

18                                             32.

19         Some of you have taken notes during the trial.  Whether or not you took notes, you

20   should rely on your own memory of what was said.  Notes are only to assist your memory.

21   You should not be overly influenced by your notes.  When you go into the jury room, the Clerk

22   will bring you the trial exhibits received into evidence to be available for your deliberations.

23   The Clerk will also provide you with an index to the exhibits.

24                                             33.

25   When you retire to the jury room to deliberate, you will have with you the following things:

26                1.      All of the exhibits received into evidence;

27                2.      An index to the exhibits;

28                3.      A work copy of these jury instructions for each of you;

                                              18

**United States District Court**
For the Northern District of California

1       4.      A work copy of the verdict form for each of you; and

2       5.      An official verdict form.

3       When you recess at the end of a day, please place your work materials in the brown

4  envelope provided and cover up any easels with your work notes so that if my staff needs to go

5  into the jury room, they will not even inadvertently see any of your work in progress.

6                                   34.

7       In your deliberations it is usually a mistake to take a straw vote early on.  This is due to

8  the risk of jury members expressing a premature opinion and then, out of pride, digging in their

9  heels.  Rather, it is usually better to discuss the evidence, pro and con, on the various issues

10  before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table

11  before anyone expresses a vote.  These are merely recommendations, however, and it is up to

12  you to decide on how you wish to deliberate.

13      A United States Marshal will be outside the jury-room door during your deliberations.

14  If it becomes necessary during your deliberations to communicate with me, you may send a

15  note through the marshal, signed by your foreperson or by one or more members of the jury.

16  No member of the jury should ever attempt to communicate with me except by a signed

17  writing, and I will respond to the jury concerning the case only in writing or here in open court.

18  If you send out a question, I will consult with the lawyers before answering it, which may take

19  some time.  You may continue your deliberations while waiting for the answer to any question.

20  Remember that you are not to tell anyone — including me — how the jury stands, numerically

21  or otherwise, on the question of the guilt of defendants, until after you have reached a

22  unanimous verdict or have been discharged.

23                                  35.

24      You have been required to be here each day from 7:45 a.m. to 1:00 p.m.  Now that you

25  are going to begin your deliberations, however, you are free to modify this schedule within

26  reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable

27  lunch break, that is fine.  The Court does, however, recommend that you continue to start your

28

**United States District Court**
For the Northern District of California

1   deliberations by 8:00 a.m.  If you do not reach a verdict by the end of today, then you will

2   resume your deliberations tomorrow and thereafter.

3       It is very important that you let the Clerk know in advance what hours you will be

4   deliberating so that the lawyers may be present in the courthouse at any time the jury is

5   deliberating.

6                                            36.

7       You may only deliberate when all twelve of you are together.  This means, for instance,

8   that in the mornings before everyone has arrived or when someone steps out of the jury room

9   to go to the restroom, you may not discuss the case.  As well, the admonition that you are not

10  to speak to anyone outside the jury room about this case still applies during your deliberation.

11                                           37.

12      Some of you are serving as alternate jurors.  As such, you will not be deliberating with

13  the rest of the jury at the outset.  You will leave before the jury begins its deliberations.  You

14  may, however, be called in to replace one of the jurors.  Your responsibilities as an alternate

15  therefore remain in effect.  This means you are not to discuss this case with anyone until you

16  join the regular jury in deliberations or until a verdict is returned and I expressly release you

17  from service.  If it becomes necessary to have you replace a juror, you will be asked to return

18  to the court.  You will then be sworn into the main jury and you and the rest of the jury will

19  begin deliberations anew.  If you will not be needed, you will be notified as soon as the Court

20  itself makes that determination.

21      Sometimes alternate jurors are tempted to tell the main twelve jurors how they feel

22  about the case before they leave and sometimes the main twelve jurors are tempted to seek the

23  input of the alternates before the alternates leave.  No, you must not do this.  The twelve jurors

24  may not receive or consider the views of the alternates unless and until, if ever, one or more

25  alternates are sworn into the main jury.

26                                           38.

27      If and when you have reached a unanimous agreement on a verdict, your foreperson

28  will fill in, date and sign the master copy of the verdict form and advise the Court through the

                                             20

1   marshal that you have reached a verdict.  The foreperson should hold onto the filled-in verdict

2   form and bring it into the courtroom when the jury returns the verdict.

3          I am about to ask all of you to return to the jury room.  Our alternate jurors should first

4   proceed to the jury room and retrieve their personal items and return to work or home, as the

5   case may be.  As soon as they have done so, the marshal will then escort the remaining twelve

6   jurors to the jury room.  Please do not begin your deliberations until all twelve of you are in the

7   jury room together and the alternate jurors have left.  The Clerk will bring the trial exhibits into

8   the jury room.  Thank you all for your careful attention.  The case is now in your hands.  You

9   may now retire to the jury room and begin your deliberations.

10

11

12  Dated:  November 17, 2009.

13                                                                    _____
                                                                      WILLIAM ALSUP
                                                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California