IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES W. McCALL and
JAY M. LAPINE,

    Defendants.
                              /

No. CR 00-0505 WHA

**ORDER DENYING DEFENDANT MCCALL'S MOTION RE ALLEGED BRADY VIOLATION**

On October 13, 2009, defendant McCall moved for a hearing to determine whether the government violated its *Brady* obligations with regards to witness Albert Bergonzi. Bergonzi was previously convicted in this action pursuant to a guilty plea and entered into a cooperation agreement with the government. The basis for defendant McCall's motion was a statement made by Bergonzi during a government interview on July 22, 2009. As reported in the FBI Form 302 from the interview, Bergonzi said that he "had no reason to think McCall knew HBOC's accounting personnel did not receive all the information they needed" (Clouse Oct. 13 Decl. Exh. B 6–7). Defendant McCall argued that this information was exculpatory and that a hearing was necessary to determine whether it was suppressed by the government during defendant McCall's first trial in 2006. The government responded that the information Bergonzi provided was new on July 22, 2006, and therefore had not been previously suppressed.

The Court granted defendant McCall's request for a hearing outside the presence of the jury where defendant McCall's counsel could examine Bergonzi regarding when he first told the government the information in question. The hearing was held on November 12, 2009. At the hearing, Bergonzi testified that he did not think that he had previously provided the allegedly exculpatory information to the government or that "anybody ever asked [him] that before" (Trial Tr. 2436–37).

Defendant McCall now moves for a ruling that the government violated its obligations under *Brady*. He argues that even though the hearing did not reveal that the government suppressed any statements actually made by Bergonzi before the July 22 interview, a finding should be made that the government nevertheless violated its *Brady* obligations by failing to extract the allegedly exculpatory information earlier than it did. Defendant McCall argues that the prosecutors' duty under the *Brady* decision and its progeny to learn of any favorable evidence known to police investigators and government agents under should be extended to include Bergonzi because he was a government cooperating witness. This argument fails for the following reasons.

It is true that prosecutors have a duty to learn of any favorable evidence known to "others acting on behalf of the government." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "Cooperating," however, does not translate to "acting on behalf of." Every person who cooperates with a federal investigation cannot be deemed a federal agent such that federal prosecutors are deemed to have constructive knowledge of everything in his or her possession, custody or control. Defendant McCall has not pointed to any authority to the contrary and to hold otherwise would impose an impossible burden on prosecutors to search for needles in haystacks. Nor is a prosecutor obliged to conduct an investigation to discover information that no government agent possesses in order to provide the defense with exculpatory evidence. *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir. 1985).

The November 12 hearing did not reveal any evidence of a *Brady* violation because there is no evidence that Bergonzi previously disclosed information to the government or government

2

agents which was not turned over to the defense in a timely manner. Defendant McCall's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 18, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE