IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES W. McCALL,<br><br>    Defendant.<br>_____ / | No. C 00-00505 WHA<br><br>**ORDER RE REQUEST FOR DISCOVERY** |

    Defendant alleges that "substantial plea discussions took place in June of 2009, resulting in a government proposal, which, whether or not designated as an 'offer,' constituted a blue print for settling the case on clear terms" (Reply Br. at 17). Thus, defendant is requesting discovery from the government regarding whether it received any response from his trial attorneys as he "has no way of getting at such documents without the discovery tools provided by the law." *Ibid*.

    Defendant's claims are all questionable. He mainly relies on an email written by one of his trial attorneys, Michael Shepard, to his other trial attorneys. The email, however, does not state whether the government or Shepard proposed the "blueprint" for a possible plea agreement (Decl. of Michael J. Shepard, Exh. A). Moreover, no "clear terms" for a possible plea agreement were discussed. In the email, Shepard guesses on the "wide range" of sentences that the government could pursue under a possible plea agreement, but no specific sentence was actually enumerated. Most importantly, defendant may determine whether the government received a

response from his trial attorneys regarding the purported plea agreement by asking his trial lawyers directly.

Here, defendant's discovery request is a mere fishing expedition to "explore [his] case in search of its existence." *Calderon v. United States District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir.1996) (citations omitted). Defendant will have until **MAY 7, 2014**, to request from his trial attorneys any documentation that he believes will support his Section 2255 motion. If his trial attorneys do not cooperate, the Court may consider scheduling an evidentiary hearing directed at his trial attorneys as to why they will not produce the requested documentation. A new motion for an evidentiary hearing must be filed then. This motion for discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE